UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ELAINE L. CHAO, Secretary of Labor, *
United States Department of Labor, *

Plaintiff, CA 06 93ML *
CIVIL ACTION

v. *

* FILE NO.

MATTHIAS E. LUKENS, *

Defendant. *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT**

Elaine L.Chao, Secretary of the United States Department of Labor, hereby alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and is brought to obtain appropriate relief, to redress violations, to obtain restitution from employee benefit plan fiduciaries and parties in interest, and to obtain other equitable relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

(3) Venue of this action lies in the District of Rhode Island pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

(4) During the pertinent period, March 16, 2001 to the present ("pertinent period"), e-tel Corporation ("e-tel Corp." or "the company") had been an employer within the

meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and had been a corporation having an office and place of business at 35 Quaker Lane, West Warwick, Rhode Island within the jurisdiction of this Court. The company ceased operations in January, 2003 and was placed in Receivership by the State Court of Rhode Island.

(5) e-tel Corp. established, on January 1, 2000, the e-tel Corp. 401(k) Profit Sharing Plan ("the Plan"), an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and which is covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a).

(6) The purpose of the Plan was to provide retirement benefits for the exclusive benefit of its participants, employees of e-tel Corp., and their beneficiaries.

(7) e-tel Corp. was, and is, the sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i), and acted as Plan Administrator for the Plan during the pertinent period and, as such, was, and is, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Furthermore, at all times relevant hereto, e-tel Corp. was a party in interest within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

(8) According to Plan documents, during the pertinent period, the Plan was, and is, to be funded by withheld employee contributions in accordance with each employee participant's election. The contributions withheld by the company on behalf of each Plan participant during the pertinent period became assets of the Plan by operation of 29 C.F.R. § 2510.3-102.

(9) During the pertinent period, Defendant Matthias Lukens ("Lukens") was the President of e-tel Corp. and, at all times material hereto, was in charge of the day-to-day operations of the company which included approving transfers of monies from the company

to the Plan. By so doing, he exercised authority or control respecting management or disposition of assets of the Plan, and, as such, Lukens was, and is, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Furthermore, during the pertinent period, Defendant Lukens was, and is, a party in interest with respect to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A). Defendant Lukens resides at 204 Spencer Avenue, East Greewich, Rhode Island, within the jurisdiction of this Court.

(10) During the pertinent period, e-tel Corp. failed to forward to the Plan withheld employee contributions from non-fiduciary participants totaling $38,147.25.

(11) During the pertinent period, Defendant Lukens failed to take appropriate measures to forward all such employee contributions due to the Plan.

(12 ) As a result of the conduct set forth at paragraphs 10-11, Defendant Lukens failed to discharge his fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

(13 ) As a result of the conduct set forth at paragraphs 10-11, Defendant Lukens failed to discharge his fiduciary duties with care, skill, prudence and diligence, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

(14) As a result of the conduct set forth at paragraphs 10-11, Defendant Lukens engaged in prohibited transactions by causing or permitting the Plan to engage in transactions constituting a direct or indirect transfer to or use of plan assets for the benefit of e-tel Corp., a party in interest with respect to the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

(15) As a result of the conduct set forth at paragraphs 10-11, Defendant Lukens engaged in prohibited transactions by dealing with the assets of the plan in his own interest or for his own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Permanently enjoining Defendant from violating, or knowingly participating in violations of, the provisions of ERISA §§ 404 and 406, 29 U.S.C. §§ 1104 and 1106;

(2) Permanently enjoining Defendant from serving as a fiduciary to the Plan or any other employee benefit plan covered by ERISA;

(3) Requiring Defendant to undo the prohibited transactions in which he engaged and to restore to the Plan any and all losses incurred as a result of breaches of his fiduciary duties and violations he committed or for which he is liable, with appropriate interest;

(4) Requiring Defendant to make appropriate allocations and disbursements to each of the non-fiduciary Plan participants whose Plan accounts were underfunded, and to terminate the Plan, or to appoint an independent fiduciary to perform such actions;

(5) Awarding to Plaintiff the costs of this action, and other relief as is equitable and just.

Margaret E. Curran
U.S. Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th fl.
Providence, RI 02903
(401) 528-5477

Howard Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Gail E. Glick
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203

TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: 3-1-06